## Houston & Texas Central Railway Company v. L. L. Stewart.

### Decided March 22, 1899.

**Practice on Appeal—Reversal for Insufficient Evidence.**

A judgment for plaintiff in an action for personal injuries received in falling from the platform of a train will be reversed where the evidence is wholly insufficient to show that the accident resulted from the negligence of the defendant company.

Appeal from Washington. Tried below before Hon. Ed. R. Sinks.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

*S. G. Ragsdale, Mathis & Teague,* and *Rogers & Herbst,* for appellee.

Neill, Associate Justice.—This suit was brought by the appellee against appellant to recover $5000 damages for personal injuries alleged to have been inflicted by the negligence of appellant upon appellee's wife.

The grounds of negligence alleged are that appellee and his wife having on the 7th day of July, 1895, purchased tickets entitling them to be carried upon appellant's train from the town of Calvert to their home in Burleson County, Texas, waited at appellant's depot the arrival of the train upon which they were to take passage, and that appellant was guilty of negligence in failing to stop its train at the depot a sufficient length of time for appellee's wife to safely board the same; that his wife used due dispatch to get on the platform of one of the cars attached to said train, and that while thereon the train was, without any warning, suddenly started off rapidly, increasing its speed from the start, and that through the jolting and jostling and running of the train, appellee's wife lost her balance and was thrown from the platform of said train onto the depot platform, and thereby sustained personal injuries for which the damages are claimed.

The appellant answered by general demurrer, general denial, and special plea of contributory negligence.

The case was tried before a jury, and resulted in a judgment against appellant for $2000.

It is unnecessary, under our view of this case, for us to consider any of the assignments of error except the one which complains of the insufficiency of the evidence to sustain the verdict. The uncontroverted testimony shows that when the train arrived at Calvert it came to a full

stop at the station and remained standing a sufficient length of time for appellee with his wife and those accompanying them to pass beyond the front end of the car where passengers were getting on and off, and they should have gotten on, to the rear end thereof, and that appellee's wife and children got on the rear platform of the car.

There was no evidence tending to show that appellee, his wife and children, could not by the exercise of ordinary diligence have safely entered the car from the front platform and seated themselves before the train started, and no reason is shown for their losing time to get on the train by walking the whole length of the car from the usual place to board it. The testimony of all the witnesses, except that of Mrs. Stewart, as well as the circumstances, show that the train started off slowly in the usual and ordinary manner, and that its movement was gradual up to the time that Mrs. Stewart fell from the platform, if she did fall. No one saw her fall from the platform, or testified to what caused it, except herself. She testified that the train started off rapidly, and that its moving caused her to fall. Her testimony that the train started rapidly is contradicted by her husband, brother, and a number of other witnesses who testified upon the point, and in her ex parte deposition, taken on the 26th of September, 1895, she stated that she did not know what caused her fall from the train.

We are of the opinion that the evidence is wholly insufficient to show that appellee's wife's injury was caused by the negligence of appellant as alleged, and that the trial court erred in not granting appellant's motion for a new trial, on account of the insufficiency of the evidence to sustain the verdict. Reversed and remanded.

*Reversed and remanded.*